IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMEKA CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MONTEREY FINANCIAL | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, TAMEKA CARTER, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, MONTEREY FINANCIAL SERVICES, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TAMEKA CARTER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bolingbrook, County of Will, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Global Exchange Vacation Club (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Global Exchange Vacation Club was for a time share which was for the personal use of Plaintiff.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. MONTEREY FINANCIAL SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of California. Defendant is incorporated in the State of California.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. <u>ALLEGATIONS</u>

15. In or around October 2014, Plaintiff and Defendant were engaged in a telephone call during which Defendant was attempting to collect the Debt from Plaintiff. During the course of said telephone call, Defendant informed Plaintiff that if she did not tender payment to Defendant against the Defendant then her wages could be garnished.

16. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

17. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

18. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

19. Defendant's contention that it would proceed with garnishing Plaintiff's wages if she did not pay the debt was false deceptive and/or misleading.

20. At the time Defendant informed Plaintiff that if she did not pay the Debt it would proceed with garnishing Plaintiff's wages, Defendant had neither the intent not the authority to do so.

21. On or about October 22, 2014, Defendant mailed to Plaintiff a correspondence in an attempt to collect the Debt. (A true and exact copy of Defendant's correspondence dated October 22, 2014, is attached hereto as **<u>Exhibit A</u>**).

22. Defendant's correspondence of October 22, 2014, was Defendant's initial communication with Plaintiff.

23. In Defendant's correspondence of October 22, 2014, Defendant stated:

> "Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will

assume this is valid. If you notify this office within thirty (30) days from receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the original creditor. Please govern yourself accordingly."

24. Pursuant to 15 U.S.C. § 1692g(a), Defendant was under an obligation to provide Plaintiff with written notice that if she wished to dispute the debt, she needed to dispute the debt in writing.

25. Defendant did not include notice in its correspondence to Plaintiff that Plaintiff had to dispute the debt in writing.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Global Exchange Vacation Club, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TAMEKA CARTER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TAMEKA CARTER**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: February 4, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com